# COUNTY OF ANDROSCOGGIN.

JABEZ T. WATERMAN, *Adm'r, versus* EZEKIEL TREAT.

Where an officer attaches personal property, and delivers it to a receipter, taking a receipt for the re-delivery of the property *or* the payment of a sum of money, the attachment is thereby dissolved.

No subsequent valid attachment can be made, in such case, without a new seizure of the property. And the receipter is not liable upon the receipt for an attachment of the same property, returned upon a new writ, on the next day, but antedated so as to correspond with the receipt, although, at the time the receipt was given, it was expected that the new writ would issue, upon which the property was to be attached.

ON REPORT.

ASSUMPSIT upon a receipt given to plaintiff's intestate to release certain property from an attachment made by him. The case is stated in the opinion.

*David Dunn,* for plaintiff.

*Record & Luce,* for defendant.

The opinion of the Court was drawn up by

APPLETON, J. — On the 28th April, 1854, Benjamin Dunn, the original plaintiff in this action, attached, as a Deputy Sheriff, one hundred and fifty thousand pine logs, valued at seven hundred dollars, on a writ in favor of *Stillman Noyes* v. *William Morse,* and on the same day took the defendant's receipt therefor.

On the 29th April, two writs in favor of *Asa Kimball,* and *Asa Kimball & al.* v. *Morse,* were placed in Dunn's hands, upon which he returned the same logs as attached, subject to the prior attachment on the writ of *Noyes* v. *Morse.* It is agreed, that these writs were made on 29th of April,

but antedated as of the preceding day, as were the several returns thereon.

Judgments were recovered in the suits, *Kimball* v. *Morse*, and *Kimball & al.* v. *Morse*, and the executions issued thereon were seasonably placed in the hands of Dunn, by whom they were returned unsatisfied. Suits were then brought against him for official neglect, in which judgments were rendered against him, which he has satisfied.

The execution, *Noyes* v. *Morse*, has been paid by the defendant to the plaintiff, being the officer having the execution, and the question here presented is, whether the officer, by his attachment made in fact on 29th April, and *after* the receipt was given, acquired a lien thereby on the goods attached, which he can enforce against the receipter, there having been no actual seizure of the goods by him when the second attachment or alleged attachment was made.

The apparent discrepancy in the different decisions as to the liability of receipters will, on examination, be found to arise from the difference in the words used. A material variation in the forms adopted by different officers will require adjudications correspondingly variant.

The defendant promised "to pay Benjamin Dunn, deputy sheriff, or his order, seven hundred dollars on demand, *or* to re-deliver the goods and chattels following, viz. :—One hundred and fifty thousand pine logs of the value of seven hundred dollars." This promise, it will be perceived, is in the alternative. The receipter has the right to elect which he will do. It has been repeatedly held, in analogy with *Buswell* v. *Bicknell*, 17 Maine, 345, that where the officer has attached goods on mesne process and has delivered them upon a written promise by the receipter to pay a given sum *or* to re-deliver them on demand, that the receipter has the election to determine which he will do, and that, consequently, the attachment is thereby dissolved. *Weston* v. *Dorr*, 25 Maine, 176; *Waterhouse* v. *Bird*, 37 Maine, 329; *Stanley* v. *Drinkwater*, 43 Maine, 468.

If, then, the attachment was dissolved on 28th April, the

goods were no longer in the custody of the sheriff, or in that of the defendant as his servant. The subsequent attachment created no lien on the logs. There was, in fact, no seizure of the property returned as attached, on any writ save on that first issued.

It was undoubtedly understood and expected on the 28th April, when the receipt was given, that other writs would be issued, in which the logs were thereafter to be attached. But such understanding and expectation created no attachment.                *Plaintiff nonsuit.*

TENNEY, C. J., RICE, GOODENOW and DAVIS, JJ., concurred.